UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LICIA DUNAWAY,

    Plaintiff,

v.                                                                               Case No. 03-73597

JBC & ASSOCIATES, INC., a/k/a JBC &                  Honorable Patrick J. Duggan
ASSOCIATES, PC,

    Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION TO EXEMPT PLAINTIFF'S TREATING PHYSICIAN FROM THE DISCLOSURE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2)(B)**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District of
Michigan, on MAY 20, 2005.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Plaintiff filed this action against Defendant alleging violations of the Federal Debt Collections Practices Act, 15 U.S.C. § 1692. Plaintiff claims that she suffered headaches, nausea, anxiety, asthma aggravation, nervousness, and other problems as a result of Defendant's conduct. Plaintiff listed her treating physician, Dr. Harjaneet Bedi, as an "expert witness" on her Witness List, filed May 4, 2004. Plaintiff subsequently moved to exempt Dr. Bedi from the disclosure requirements of Rule 26(a)(2)(B) of the Federal

1

Rules of Civil Procedure, claiming that the rule exempts treating physicians.  Defendant opposed the motion, arguing that Dr. Bedi's testimony extends beyond the scope of a treating physician and ventures into more general expert opinion testimony.  This Court referred the motion to Magistrate Judge Wallace Capel Jr.

Agreeing with Defendant, Magistrate Judge Capel issued an order on March 29, 2005, requiring Plaintiff to produce an expert report from Dr. Bedi and to make Dr. Bedi available for deposition.  On April 4, 2005, Plaintiff filed a motion in which she objects to Magistrate Judge Capel's order.  Plaintiff argues that Dr. Bedi's "testimony will be limited to his personal knowledge of her as a patient, his observations as a clinician, his diagnosis, and his treatment of Plaintiff during the relevant time period for asthma, exacerbation and anxiety."

Rule 72(a) of the Federal Rules of Civil Procedure provides the standard of review this Court must apply when objections are filed with respect to a magistrate judge's ruling on nondispositive matters.  The rule provides in relevant part: "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  FED. R. CIV. P.  72(a).  As there is no indication that Dr. Bedi will testify to any facts beyond his observations and treatment of Plaintiff as her treating physician, the Court concludes that Magistrate Judge Capel clearly erred in concluding that Dr. Bedi is the type of expert who must file a Rule 26 report.

As this Court explained in *Rogers v. Detroit Edison Company*, "the Advisory Committee Notes to the 1993 amendments to Rule 26 indicate . . . that no written report is

2

required for treating doctors." 328 F. Supp. 2d 687, 689 (E.D. Mich. 2004). The Advisory Committee Notes provide:

> The requirement of a written report in paragraph (2)(B) . . . applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.

*Id*. (quoting FED. R. CIV. P. 26, Advisory Committee Notes at 161 (2004 ed.)). Adopting the position taken by the majority of courts, as the Sixth Circuit had not directly addressed the issue in a published opinion, this Court concluded "that a Rule 26(a)(2)(B) report is not required from a treating physician unless the physician will testify to matters learned outside the scope of treatment." *Id*. (citations omitted).

In her motion to exempt Dr. Bedi from the disclosure requirements of Rule 26(a)(2)(B), Plaintiff indicated that Dr. Bedi has been her treating physician since approximately 1999, several years before Defendant's alleged wrongful conduct. Thus Dr. Bedi was not "retained or specially employed to provide expert testimony in the case." *See* FED. R. CIV. P. 26(a)(2)(B). Additionally, as Plaintiff indicated in her motion and at the motion hearing before Magistrate Judge Capel, Dr. Bedi will testify that Plaintiff consulted him complaining of stress and related systems during the relevant period, that he diagnosed Plaintiff as suffering from certain conditions– specifically asthma, that he treated her for those conditions, how he treated her, and the effect of stress on Plaintiff's conditions. While Dr. Bedi has indicated that Plaintiff complained of stress and anxiety, there is no indication that he is being offered to give his opinion as to

3

whether Defendant's alleged conduct could have caused these conditions. In this Court opinion, the fact that Dr. Bedi plans to state his diagnosis that stress exacerbated Plaintiff's asthma does not extend his testimony to matters learned outside the scope of treatment. In making a diagnosis and determining the appropriate treatment, a treating physician generally has to diagnose the cause of his or her patient's condition.

This Court therefore concludes that Plaintiff's treating physician should be exempted from the reporting requirements of Rule 26(a)(2)(B). Accordingly,

**IT IS ORDERED**, that Magistrate Judge Capel's Order Denying Plaintiff's Motion to Exempt Plaintiff's Treating Physician from the Disclosure [Report] Requirements of Rule 26(a)(2)(B) is **SET ASIDE**;

**IT IS FURTHER ORDERED**, that Plaintiff's Motion to Exempt Plaintiff's Treating Physician from the Disclosure [Report] Requirements of Rule 26(a)(2)(B) is **GRANTED**.

_____
s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Marguerite A. Hines, Esq.
Steven Siman, Esq.

4