UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LICIA DUNAWAY

       Plaintiff,

v.                                                                                          Case No. 03-73597

JBC & ASSOCIATES, INC., a/k/a JBC                       Honorable Patrick J. Duggan
ASSOCIATES PC,

       Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S PETITION FOR FEES AND COSTS

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 19, 2005.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiff Licia Dunaway filed this action against Defendant JBC & Associates alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692*o*, and a state law claim of intentional infliction of emotional distress. On June 20, 2005, this Court granted a motion for summary judgment filed by plaintiff, finding no genuine issue of material fact as to whether defendant violated six different sections of the FDCPA. This Court then scheduled the matter for trial on August 22, 2005, on the issue of damages. On August 18, 2005, the parties settled the damages issues with

defendant agreeing to pay plaintiff $1,000 in statutory damages and $3,500 in actual damages. Presently before the Court is plaintiff's request for attorney's fees and costs pursuant to the FDCPA.

The FDCPA entitles a prevailing party to "the costs of the action, together with reasonable attorney's fees as determined by the court." 15 U.S.C. § 1692k(a)(3). There is no doubt that plaintiff has prevailed in her lawsuit; in fact, the parties submitted a stipulated order, which this Court signed on October 6, 2005, determining that plaintiff is a prevailing party. Plaintiff seeks attorney's fees totaling $59,130, representing 262.80 hours spent on the litigation and in preparing the fee petition at a rate of $225 per hour. Plaintiff also seeks costs in the amount of $3,846.89. Defendant has filed a response to plaintiff's motion, briefly stating its objection to the hours expended on this litigation and the rate charged.

The starting point for calculating a reasonable attorney's fees award "should be the determination of the fee applicant's 'lodestar,' which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his [or her] court-ascertained reasonable hourly rate." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)(citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct 1933, 1939 (1983)). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433, 103 S. Ct. at 1939. The Supreme Court has instructed district courts to exclude fees that were not "reasonably expended." *Id*. at 434, 103 S. Ct. at 1939. Once the district court determines the fee applicant's lodestar, the court must consider other factors relevant to the reasonableness of any fee

award, such as: (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 430 n.3, 103 S. Ct. at 1937 n.3 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

Having reviewed plaintiff's petition and supporting documentation, the Court finds the hours plaintiff's counsel expended on this litigation to be reasonable. Defendant suggests that the hours expended by plaintiff's counsel were unreasonably increased due to the fact that this was counsel's first FDCPA case and thus "entailed a large learning curve." *See* Resp. ¶ 9. Plaintiff's counsel states, however, that she reduced her time where she believed an attorney more experienced with the FDCPA would not have required as much time. *See* Mot., Hanes Aff. ¶ 7. Additionally, an attorney experienced in FDCPA cases reviewed counsel's billing records and states that he finds "that the time spent to accomplish the work appears normal, reasonable, and customary . . . and is within the ordinary range for consumer law litigation." *See id*. Lyngklip Aff. ¶ 6. The Court also finds the hourly rate sought by plaintiff's counsel to be reasonable in light of the prevailing market. The Court does not believe that any other factors require an

adjustment to the hours billed or rate sought.

Accordingly,

**IT IS ORDERED**, that Plaintiff's petition for attorney fees and costs is **GRANTED**;

**IT IS FURTHER ORDERED**, that Defendant shall pay Plaintiff attorney fees in the amount of $59,130 and costs in the amount of $3,846.89, for a total award of $62,976.89.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Marguerite Ann Hines, Esq.
Steven A. Siman, Esq.