UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LICIA DUNAWAY

       Plaintiff,

v.                                                                      Case No. 03-73597

JBC & ASSOCIATES, INC., a/k/a JBC            Honorable Patrick J. Duggan
ASSOCIATES PC,

       Defendant.
_____/

### OPINION AND ORDER DENYING DEFENDANT'S MOTION TO INCLUDE OFFER OF JUDGMENT IN THE RECORD

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 5, 2006.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Plaintiff Licia Dunaway filed this action against Defendant JBC & Associates alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692*o*, and a state law claim of intentional infliction of emotional distress. On June 20, 2005, this Court granted a motion for summary judgment filed by Plaintiff, finding no genuine issue of material fact as to whether Defendant violated six different sections of the FDCPA. This Court then scheduled the matter for trial on the issue of damages. On August 18, 2005, four days prior to the scheduled trial date, the parties settled the

damages issue with Defendant agreeing to pay Plaintiff $1,000 in statutory damages and $3,500 in actual damages. *See* Pl's Br. in Supp. of Pet. for Attorney Fees and Costs at 2. Plaintiff subsequently filed a petition for attorney fees and costs pursuant to the FDCPA, which this Court granted on December 19, 2005. Defendant has appealed the Court's decision and now seeks to expand the district court record in order to include an offer of judgment Defendant purportedly filed on October 28, 2003.

According to Defendant, it believed that its previous counsel had filed an offer of judgment in this case on October 28, 2003.[1] The Court docket, however, only reflects the filing of Defendant's affirmative defenses on that date and does not reflect the filing of an offer of judgment on any date in this case. Defendant fails to provide the Court with a copy of its offer of judgment bearing a stamped file date.

In its response to Plaintiff's petition for attorney fees and costs, Defendant referred to the offer of judgment, stating: "The Court files will reflect that an Offer of Judgment under Rule 68 was submitted over two (2) years ago . . ." *See* Def.'s 11/16/05 (Corrected) Br. in Supp. of Resp. to Pl.'s Mot. for Attorney Fees at 4. Defendant, however, did not attach a copy of the purported "offer of judgment" to its response. Further, in its response, Defendant did not even indicate the amount of the offer of judgment or how the offer of judgment should limit any award of attorney fees and costs

---

[1] Defendant initially was represented in this action by attorney Roy Sgoi. Mr. Sgoi moved to withdraw on April 28, 2004. The Court granted his motion on June 3, 2004, and attorneys David Krall and Mary Cauley entered their appearance on behalf of Defendant on July 1, 2004. They withdrew their representation, however, on April 7, 2005. Defendant's current counsel entered his appearance on April 21, 2005.

to Plaintiff.[2]

The offer of judgment Defendant now seeks to make a part of the record had absolutely no effect on the Court's ruling on Plaintiff's petition for attorney fees and costs for two reasons. First, Rule 68 does not refer to the *filing* of an offer of judgment; rather the rule requires that the offer of judgment be *served* upon the opposite party. FED. R. CIV. P. 68. Defendant did not indicate in its response to Plaintiff's petition for attorney fees and costs, and does not indicate now in its motion to include the offer of judgment in the record, that it served a written offer of judgment upon Plaintiff. Additionally, no proof of service of the offer of judgment was ever filed with the Court. Second, although Defendant referred to an offer of judgment that was "submitted," Defendant never informed the Court of the amount of its offer in its response to Plaintiff's petition for attorney fees and costs. Accordingly, it would have been impossible for the Court to consider what, if any, impact the alleged offer of judgment should have on the Court's award of attorney fees and costs to Plaintiff.

In sum, because the offer of judgment never was filed and for the reasons set forth above, the Court finds that the offer of judgment was not and could not have been taken into consideration when the Court ruled on Plaintiff's petition for attorney fees and costs.

---

[2]For example, Rule 68 provides: "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after making of the offer." FED. R. CIV. P. 68. Defendant failed to even allege that the judgment obtained by Plaintiff was not more favorable than its offer to her. In fact, the "offer of judgment" Defendant now seeks to include in the record, indicates an offer of judgment of $1,000. The parties' settlement ultimately awarded Plaintiff that amount plus more than 3 times that amount in actual damages. *See* Pl.'s Br. in Supp. of Pet. for Attorney Fees and Costs at 2.

Therefore the Court concludes that it should not be included in the record on appeal.

Accordingly,

**IT IS ORDERED**, that Defendant's motion to include the offer of judgment in the record is **DENIED**.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copies to:
Marguerite Ann Hines, Esq.
Steven A. Siman, Esq.